FILED
U.S. DISTRICT COURT

2009 AUG -3 P II: 03

DISTRICT OF UTAH

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, et al.<br><br>Plaintiff(s),<br><br>vs.<br><br>BC TECHNICAL, INC.<br><br>Defendant(s), | ORDER OVERRULING OBJECTION TO AND AFFIRMING ORDER OF MAGISTRATE JUDGE RE: LEAVE TO FILE AMENDED ANSWER TO ASSERT COUNTERCLAIM<br><br>Case No. 2:08-cv-639 |

BC Technical, Inc. sought leave to file an Amended Answer and Counterclaim asserting, in addition to state claims, counterclaims for violations of the Antitrust Laws of the United States and Utah. Plaintiff Philips Electronics North America Corporation ("Philips") opposed. By order of reference, the motion was heard by the Magistrate Judge who denied leave to file the antitrust counterclaims, concluding that BC Technical had failed to plead plausible antitrust claims and that those claims would be futile. BC Technical filed a timely objection on June 10, 2009. Philips has filed no response. Under F.R.C.P. 72(a), the court is required to consider timely objections and to modify and set aside "any part of the order that is clearly erroneous or is contrary to law." For the reasons set forth below, the objection is overruled and the order of the Magistrate Judge is affirmed.

As a first claim for relief, BC Technical asserts claims under § 2 of the Sherman Antitrust Act (15 U.S.C. § 2) alleging that Philips created a tying arrangement between two distinct products alleged to be (1) firmware codes burnt into PROMs placed on prepropulated circuit boards, which are used in the operation of nuclear medical devices that are manufactured by Philips (the alleged tying product market), and (2) the "service, maintenance and repair of Philips' devices through the replacement of individual PROMs on such circuit boards in the alleged tied market" (the alleged tied market). To avoid dismissal, a plaintiff must plead facts with sufficient detail to establish that the claim is plausible. Although the court is required to accept all well-pleaded facts as true, solely conclusory statements must be disregarded. The Tenth Circuit Court has stated "the question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Company, Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009). *See, Ashcroft v. Iqbal*, 556 U.S \_\_\_\_\_, 126 S.Ct. 2931 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

BC Technical proposes to plead a tying claim alleging attempted monopolization under § 2 of the Sherman Act. To successfully plead an attempted monopolization claim, a plaintiff must show: "(1) relevant geographic and product markets; (2) specific intent to monopolize; (3) anticompetitive conduct in furtherance of an attempt to monopolize; and (4) a dangerous probability of success. *TV Communications Network, Inc. v. Turner Network Tel., Inc.* 964 F.2d 1025 (10th Cir.), *cert. denied*, 113 S.Ct. 601 (1992)." *MultiState Legal Studies, Inc. v. Harcort Brace Jovanovich Legal and Professional Publications, Inc.*, 63 F.3d 1540, 1550 (10th Cir.

1995). To satisfy the requirement for pleading anticompetitive conduct, BC Technical alleges that Phillips engaged in an unlawful tying arrangement. To plead an unlawful tying arrangement, a plaintiff must allege "(1) two separate products, (2) a tie -- or conditioning of the sale of one product on the purchase of another, (3) sufficient economic power in the tying market, and (4) a substantial volume of commerce affected in the tied product market." *MultiState Legal Studies*, 63 F.3d at 1546. Inherent in those elements is a requirement that the plaintiff plead sufficient facts to support the allegations defining the relevant market and a dangerous probability of successfully achieving monopoly power in that market. In its proposed Amended Counterclaim, BC Technical fails to provide sufficient facts to state a plausible claim under this count. It alleges that Philips has sufficient economic power in the tying market, but fails to provide facts to support its conclusory allegation. The proposed Amended Counterclaim, indeed, includes no factually supported definition or description of what the relevant product or geographic market is. It is unclear if the alleged market is worldwide or local, or, whether it includes all nuclear medical devices or just those manufactured by Philips. BC Technical asserts that Philips is "one of fewer than five manufacturers of nuclear medical devices worldwide" (¶23). BC Technical fails, however, to provide any specific facts as to whether Philips is the smallest, largest or some other position within the five manufacturers, what percentage of the market it holds, or any other factual basis to determine that it holds "sufficient economic power in the nuclear medical device market to appreciably restrain competition" (¶ 23). Without more facts, the conclusory assertions do not state a plausible claim.

BC Technical also pleads that Phillips' actions impact a "substantial dollar volume of commerce in the tied market" (¶ 34). But again, BC Technical fails to provide any detail or factual support for the conclusory allegation. There are no facts about the volume of commerce involved or what amount of commerce is allegedly affected. As a result, the court is required to disregard these allegations in judging whether or not there are sufficient facts alleged to assert a plausible claim.

In the second claim for relief, BC Technical also attempts to plead a tying arrangement, alleging that the two distinct products are (1) plaintiffs' nuclear medical devices (the tying product) and (2) the performance, maintenance and repair of such devices by independent service organizations ("ISO"). The allegations supporting this claim are essentially the same as those under the first claim, except that BC Technical asserts that Philips has incorporated "software lockout codes" to preclude BC Technical from having access to the diagnostic information necessary to service the PROMs (¶ 21). This claim fails for the same reason set forth above.

Finally, in its third claim for relief, BC Technical alleges that Philips has engaged in "predatory pricing practices," which "constitute a deliberate attempt to monopolize the service, repair and maintenance industry in those geographic markets in which BC Technical is active through the offering of predatory pricing on repair and maintenance services of nuclear medical devices in those markets." (¶ 51). The facts pleaded in the proposed Amended Counterclaim are not sufficient to support a plausible predatory pricing claim. As noted above, BC Technical fails to set forth sufficient facts to show it is plausible that Philips has market power within a relevant market. Moreover, as to predatory pricing, in this circuit the plaintiff must allege that predatory

prices be below the "average variable cost" or some other appropriate alternate measure of "marginal costs" without including fixed costs or fully allocated costs. *United States v. AMR Corp.*, 335 F.3d 1115, 1115-16 (10th Cir. 2003).

In this case, BC Technical has proposed to allege only that Philips has offered repair and maintenance services "at prices deliberately calculated to be below those which BC Technical is able to offer; at the same time, however, maintaining higher prices for maintenance and repair services in markets where BC Technical is not active." (¶ 24). The allegation again does not provide sufficient factual details to state a plausible claim. There is no definition of what the relevant geographic market is in which BC Technical offers the supposedly predatory prices. Moreover, there is no indication that the prices Philips is offering for maintenance and repair services within that market would be predatory. It is just as plausible that Philips has efficiencies within its system that allows it to offer lower prices than BC Technical but still be profitable, as it is that it is offering prices below its average variable cost or some other appropriate measure of cost. For this reason, as well as those stated above, the third claim for relief also fails to allege sufficient detailed facts to state a plausible claim.

In addition to the paragraphs attempting to set forth the allegations necessary to plead claims under the federal antitrust laws, BC Technical also asserts, in conclusory fashion, that "plaintiffs' conduct in this regard likewise violated Utah Code Ann. § 76-10-911, *et seq.*" (¶¶ 36, 46 and 55). The elements required to state a tying or a predatory pricing claim under Utah antitrust laws are substantially the same as those required to plead federal antitrust claims. For the reasons stated, the attempt to plead a state antitrust claims also fails.

Where the allegations of the proposed Amended Counterclaim would not survive a motion to dismiss under F.R.C.P. 12(6), the claim would be futile. BC Technical does not provide additional facts in support of the Motion for Leave to Amend, or in its Objection to the order of the Magistrate Judge to suggest that it can come forward with sufficient detailed facts to overcome the failures in the proposed Amended Counterclaim. For these reasons, the Magistrate Judge's ruling is AFFIRMED.

DATED this 3d day of August, 2009.

BY THE COURT:

_____
Honorable Clark Waddoups
U.S. District Court Judge